NATIONAL ELECTRIC SIGNALING CO. v. TELEFUNKEN WIRELESS TELEGRAPH CO. OF UNITED STATES et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

No. 29.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—APPARATUS FOR WIRELESS TELEGRAPHY.

An order granting a preliminary injunction against infringement of the Fessenden patent, No. 706,736, for apparatus for wireless telegraphy, reversed.

2. PATENTS (§ 324*)—INFRINGEMENT—APPEAL FROM INTERLOCUTORY ORDER—FINAL DISPOSITION OF CAUSE.

The Circuit Court of Appeals, conceding its power, will not dismiss a bill for infringement of a patent on appeal from an order granting a preliminary injunction, where the patent contains a large number of claims which have not been adjudicated, and the record does not show which complainant relies on, nor contain evidence upon which the questions of validity and infringement of some of them can properly be determined.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. § 324.*

Review of interlocutory decree granting or refusing injunction in patent case in Circuit Court of Appeals, see notes to Gill & Fisher v. Browne, 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; New York, N. H. & H. R. Co. v. Sayles, 32 C. C. A. 484.]

Appeal from the District Court of the United States for the Southern District of New York; E. Henry Lacombe, Judge.

Suit in equity by the National Electric Signaling Company against the Telefunken Wireless Telegraph Company of the United States and others. From an order granting a preliminary injunction, defendants appeal. Reversed.

For opinion below, see 193 Fed. 424.

An order of the Circuit Court for the Southern District of New York granted a preliminary injunction restraining the defendants from infringing 16 of the 35 claims of letters patent No. 706,736, granted August 12, 1902, to Reginald A. Fessenden for apparatus for wireless telegraphy. At the time this order was granted the claims in controversy had been held valid by the Circuit Court for the District of

Maine. 189 Fed. 727. On appeal to the Circuit Court of Appeals for the First Circuit (198 Fed. 386), this decree was reversed and the claims in question were held not to be infringed. This decision was filed June 18, 1912.

Hector T. Fenton, of Philadelphia, Pa., and Benno Loewy, of New York City, for appellants.

F. W. H. Clay, of Pittsburgh, Pa., for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, District Judge (after stating the facts as above). [1, 2] It is entirely clear that the injunction order appealed from must be reversed. The decision of the Circuit Court of Appeals of the First Circuit, to say the least, makes a recovery by the complainant exceedingly doubtful and a preliminary injunction should not issue in a doubtful case. The complainant practically concedes this proposition. The defendants, however, are not satisfied with this relief and demand that the court, upon the record now before it on this appeal, enter a final decree dismissing the bill, upon the authority of Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810, and other similar cases. Conceding that this court, upon an appeal from an order granting a preliminary injunction, has the power to dismiss a bill if it appears that there is no equity to support it, we do not think that this is such a case.

The patent, as before stated, contains 35 claims of which but 16 were involved in the case decided in the First Circuit and these were held not to be infringed. The court declined to pass upon the validity of any of the claims. The complainant asserts that it intends to rely upon other claims not considered in the Maine case.

The questions arising regarding the validity of the claims and of their infringement by the corporation and the individual defendants cannot be determined properly until the court is informed as to the claims relied upon and has considered the proof as to their validity and infringement. To attempt to dispose of these questions upon the meagre record before us might result in injustice being done to one or the other of the parties.

It is sufficient to say that if the complainant sees fit, notwithstanding the decision of the First Circuit, to proceed with this action, we see no way to prevent its doing so.

The order granting a preliminary injunction is reversed.